IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JORDAN ROBERT LEWIS, <br> TDCJ No. 01930214, <br>     Petitioner, <br><br> v. <br><br> LORIE DAVIS, <br> Director, Texas Department of <br> Criminal Justice, Correctional <br> Institutions Division, <br>     Respondent. | § § § § § § § § § § § | EP-17-CV-224-FM |

## MEMORANDUM OPINION AND ORDER

Petitioner Jordan Robert Lewis challenges Respondent Lorie Davis's custody over him through a *pro se* "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 1). Lewis was found guilty by a jury of aggravated robbery and aggravated assault and sentenced by the 81st Judicial District Court in Wilson County, Texas, to concurrent terms of 50 years' imprisonment for each offense.[1] In his petition, Lewis claims the grand jury and trial court erred, and his counsel provided constitutionally ineffective assistance. After reviewing the petition and available record, the Court concludes it should dismiss Lewis's petition without prejudice because he has not exhausted his available state remedies. The Court additionally concludes it should deny Lewis a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

In 2012, Lewis was incarcerated in the Wilson County jail in Floresville, Texas. On the morning of March 3, 2012, he obtained a knife from the jail employee in charge of the kitchen to cut up some tomatoes. When Lewis and the jail employee took the trash outside the jail, Lewis fled on foot to a

---

[1] *See Lewis v. State*, 01-14-00557-CR, 2016 WL 316366, at *1 (Tex. App.—Houston [1st Dist.] Jan. 26, 2016, pet. ref'd).

-1-

nearby gas station.

At the gas station, seventy-two-year-old Carolyn Orth waited inside her parked sport utility vehicle for her son. Orth watched as Lewis got inside her vehicle and displayed what she later described as a "butcher knife."[2]

Lewis ordered Orth to drive. When she did not comply, he told her to get out of the vehicle. Orth got out, but left her cell phone and purse inside. Lewis drove off, lost control of the vehicle, and crashed. He was apprehended by law enforcement officers.

A grand jury charged Lewis in a two-count indictment with aggravated robbery, in violation of Texas Penal Code § 29.03, and aggravated assault, in violation of Texas Penal Code § 22.02. The indictment alleged:

> [O]n or about the 3rd day of March, 2012, ... Jordan Lewis ... did then and there:
> COUNT I, PARAGRAPH A
> While in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place, Carolyn Orth, a person 65 years of age or older, in fear of imminent bodily injury or death;
> COUNT I, PARAGRAPH B
> While in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Carolyn Orth in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife;
> COUNT II
> [I]ntentionally and knowingly threaten Carolyn Orth with imminent bodily injury and did then and there use or exhibit a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death or serious bodily injury, during the commission of said assault.[3]

On the day Lewis's trial began, March 24, 2014, he filed a special plea of double jeopardy. The

---

[2] *Id.* at *1.

[3] *Id.* at *1-*2.

following day he filed a first amended verified special plea. Lewis alleged that he "was convicted in this Court and sentenced to 22 months in a State Jail Felony Facility on January 13, 2014, for the offense of Unauthorized Use of a Motor Vehicle for acts committed during the same incident which has resulted in the charge of Aggravated Robbery."[4] Lewis pointed out the unauthorized use of motor vehicle could be a lesser included offense of aggravated robbery, and argued that "[g]reater-inclusive and lesser-included offenses are the same offenses for double jeopardy purposes."[5] Lewis argued "this trial is barred by the double jeopardy clauses of the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section 14 of the Texas Constitution, and Article 1.10 of the Texas Code of Criminal Procedure."[6] In his prayer, Lewis asked the trial court to "dismiss the [aggravated-robbery offense] with prejudice, or, alternatively, enter an order authorizing the submission of such issue to the trier of fact."[7]

Before opening statements, the trial court conducted a hearing on Lewis's first amended special plea of double jeopardy. At the conclusion of the hearing, the trial court denied the special plea. After the presentation of the State's evidence, Lewis re-urged his special plea, which the trial court again denied.

Lewis was found guilty by the jury on both the aggravated robbery and aggravated assault charges. He chose to have the trial court sentence him. At the sentencing hearing, Lewis again claimed his "rights against double jeopardy [were] violated."[8] Lewis also pleaded true to two enhancement allegations, and the trial court sentenced him to 50 years in prison for each offense, with the sentences to run concurrently.

In two issues on appeal, Lewis complained "[t]he trial court erred in denying [his] First Amended

---

[4] *Id.* at *2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at *3.

Plea of Double Jeopardy" and asserted the trial court erred when it did not include his requested jury instruction on spoliation of evidence.[9] The First Court of Appeals in Houston overruled both objections and affirmed the judgment of the trial court.[10]

The Texas Court of Criminal Appeals refused Lewis's petition for discretionary review. It later received Lewis's state application for a writ of habeas corpus, but, to date, it has not acted on the application.[11]

## GROUNDS FOR RELIEF

Mindful of Lewis's *pro se* status,[12] the Court understands him to now assert the following grounds for relief:

1. Lewis claims the trial court erred when it denied his amended verified special plea of double jeopardy. He alleges the trial court had previously convicted him for the unauthorized use of a motor vehicle from the same incident involving Orth which resulted in the aggravated robbery charge. He maintains the unauthorized use of motor vehicle is a lesser included offense of aggravated robbery, and a lesser-included offense is the same offense for double jeopardy purposes.

2. Lewis contends the grand jury erred when it indicted him for both aggravated robbery[13] and

---

[9] *Id.* at *1.

[10] The appeal, originally filed in the Fourth Court of Appeals, San Antonio, Texas, was transferred by the Supreme Court of Texas, pursuant to its docket equalization authority, to the First Court of Appeals, Houston, Texas. See Tex. Gov't Code Ann. § 73.001 (Vernon 2013) (authorizing transfer of cases).

[11] *Ex parte Lewis*, WR-86-781-01 (Tex. Crim. App. received May 4, 2017).

[12] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citations and internal quotation marks omitted); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

[13] *See* Tex. Pen. Code Ann. § 29.03 (West) ("(a) A person commits an offense if he commits robbery as defined in Section 29.02, and he: (1) causes serious bodily injury to another; (2) uses or exhibits a deadly weapon; or (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is: (A) 65 years of age or older; or (B) a disabled person.").

aggravated assault.[14] He notes both offenses arose from the same incident involving Orth. He asserts aggravated assault is a lesser included offense of aggravated robbery.[15] He argues the charges are multiplicious and violate the Double Jeopardy Clause.

3. Lewis asserts his counsel provided ineffective assistance when he failed to assert adequately Lewis's right under the Double Jeopardy Clause not to be subjected to successive prosecutions for the unauthorized use of a motor vehicle and then aggravated robbery. More specifically, he asserts his counsel erred when he did not (a) file a pre-trial writ of habeas corpus, (b) provide the judgment of conviction or other papers from the unauthorized use of a motor vehicle proceeding, (c) submit special plea of double jeopardy to the jury after all the evidence had been heard, or (d) file a motion for a new trial raising Lewis's double jeopardy claim.

4. Lewis avers his counsel provided ineffective assistance when he failed to assert adequately Petitioner's right under the Double Jeopardy Clause not to be prosecuted and subjected to multiple punishments for aggravated robbery and the "lesser-included offense" of aggravated assault.[16]

5. Lewis contends his counsel provided ineffective assistance when he failed to diligently elicit pertinent information from three prospective jurors which could have established their prejudice against him. Specifically, Lewis claims his counsel failed to obtain information that two potential jurors knew the local sheriff, one potential juror knew the victim, and one potential juror had already served as a juror on an assault case.[17]

## LEGAL STANDARD

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in

---

[14] See Tex. Pen. Code Ann. § 22.02 (West) ("(a) A person commits an offense if the person commits assault as defined in § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault.").

[15] See Ex Parte Denton, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013) ("Aggravated assault may be a lesser-included offense of aggravated robbery.").

[16] See Id. ("A multiple-punishments double-jeopardy violation occurs if both a greater and a lesser-included offense are alleged and the same conduct is punished once for the greater offense and a second time for lesser. *Langs v. State*, 183 S.W.3d [352,] 685 [(Tex.Crim.App.2008)]. A lesser-included offense is one that 'is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]' Tex. Code Crim. Proc. art. 37.09(1).").

[17] Pet'r's Pet. 6-11, ECF No. 1.

custody in violation of the Constitution or laws or treaties of the United States."[18] As a prerequisite to obtaining § 2254 relief, however, a prisoner must exhaust all remedies available in the state system.[19] This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[20] It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[21]

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[22] In Texas, the Court of Criminal Appeals is the highest court for criminal matters.[23] Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[24]

---

[18] 28 U.S.C. § 2254(a) (2012).

[19] *Id.* § 2254(b)(1), (c); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).

[20] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

[21] *Ex Parte Royall*, 117 U.S. 241, 251 (1886).

[22] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[23] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

[24] *See* Tex. Crim. Proc. Code Ann. art. 11.07 (West) ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."); *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

## ANALYSIS

The rules governing § 2254 cases instruct federal district courts to screen petitions.[25] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[26]

In this case, Lewis indicates in his petition that he mailed his state writ application to the 81st Judicial District Court on March 27, 2017, but places "???" in the blank for "date of final decision."[27] A check of the state court internet site shows the Court of Criminal Appeals received Lewis's application on May 4, 2017, but has not yet acted on it.[28] Thus, Lewis has not "exhausted the remedies available in the courts of the State."[29] Further, he still "has the right under the law of the State to raise ... the question[s] presented."[30] Thus, it is plain from the face of Lewis's petition and the available court records that he has not satisfied the preconditions for review set forth in § 2254.

"[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete."[31] However, "[d]ismissing an action after giving the plaintiff only one opportunity to state his

---

[25] 28 U.S.C. foll. § 2254 Rule 4.

[26] *Id.*

[27] Pet'r's Pet. 3, 4.

[28] *See* http://search.txcourts.gov/CaseSearch, search for Lewis, Jordan, site last visited on October 17, 2017.

[29] 28 U.S.C. § 2254(b)(1)(A).

[30] *Id.* § 2254(c).

[31] *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) (citing *Granberry v. Greer*, 481 U.S. 129, 129-33 (1987).

case is ordinarily unjustified."[32] "This rule against no-notice *sua sponte* dismissal is subject to two exceptions: if the dismissal is without prejudice, or if the plaintiff has alleged his best case."[33]

In an abundance of caution, the Court ordered Lewis on August 15, 2017, and again on September 13, 2017, to show cause within fourteen days why the Court should not dismiss his petition because he had failed to exhaust his remedies in the state system.[34] To date, Lewis has not responded to the Court's order to show cause.

The Court accordingly concludes that it should dismiss Lewis's petition without prejudice, with a view toward Lewis exhausting his state remedies through his state application for a writ of habeas corpus, and then returning to a federal district court, if he so desires.[35]

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[36] To warrant the granting of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

---

[32] *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

[33] *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

[34] Order, Warning, and Advisory, ECF No. 6; Order, Warning, and Advisory, ECF No. 10 (both citing *Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006)).

[35] *See* 28 U.S.C. § 124(d)(4) (2012) ("The San Antonio Division comprises the counties of ... Wilson."). 28 U.S.C.A. § 124 (West)

[36] 28 U.S.C. § 2253(c)(1) (2012).

ruling."[37]  The Court finds that jurists of reason would not debate whether the procedural ruling in this case is correct.  The Court, therefore, finds it should deny Lewis a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the Court concludes that Lewis is not entitled to federal habeas corpus relief at this time.  Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Jordan Robert Lewis's "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state remedies.

**IT IS FURTHER ORDERED** that Petitioner Jordan Robert is **DENIED** a certificate of appealability.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this ___18___ day of October, 2017.

FRANK MONTALVO
**UNITED STATES DISTRICT JUDGE**

---

[37] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).